# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TWIN CITY FIRE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>HOUSE OF CHEATHAM, LLC<br><br>Defendant. | Civil Action No.:<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff Twin City Fire Insurance Company seeks a declaratory judgment as to its rights and obligations under insurance policies issued by Twin City to an entity known as House of Cheatham, Inc. Defendant House of Cheatham, LLC, claims to be entitled to coverage under those policies. Twin City disagrees.

## PARTIES, JURISDICTION, AND VENUE

1. This is a declaratory judgment action, brought pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, to determine the rights of the parties under policies of insurance issued by Twin City, under which Defendant House of Cheatham, LLC is demanding coverage.

2. Plaintiff Twin City Fire Insurance Company is a corporation organized and existing under the laws of the Indiana with its principal place of business in Hartford, Connecticut.

49768765

3. Defendant House of Cheatham, LLC ("HOC LLC") is a limited liability company organized and existing under the laws of the state of Delaware.

4. HOC LLC's sole member is a limited liability company called Hollywood Beauty Holdco, LLC ("Hollywood"). On information and belief, Hollywood has members who are citizens of California, Florida, Georgia, Massachusetts, New Jersey, Ohio, and Pennsylvania.

5. This Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. § 1332(a), as there is complete diversity between the parties and the amount in controversy exceeds $75,000.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Twin City's claim occurred within the Northern District of Georgia.

## FACTUAL BACKGROUND

7. House of Cheatham, Inc. ("HOC Inc.") was a corporation headquartered in Georgia that manufactured hair relaxer and other beauty products.

8. On December 21, 2021, HOC Inc. entered into an Asset Purchase Agreement ("APA") with a newly formed entity, HOC LLC. Per the terms of the APA, HOC LLC purchased certain assets and liabilities of HOC Inc. A copy of the APA is attached hereto as "Exhibit 1."

49768765

9.  The APA provided that the assets purchased by HOC LLC included, among other things, "all rights to control [HOC Inc.'s] insurance policies and rights to the benefits of such policies, including rights and proceeds arising from or related to the Acquired Assets or the Assumed Liabilities before the Closing Date." Ex. 1, p. TCFIC_00018.

10. The Closing Date for the APA was December 21, 2021. Ex. 1, p. TCFIC_00006, TCFIC_00017.

11. Following the execution of the APA, HOC Inc. converted into an LLC and continues to exist under the name Beauty Bell Enterprises, LLC.

## THE TWIN CITY POLICIES

12. Between 1994 and 1998, Twin City issued policies providing primary commercial general liability insurance to HOC Inc., including:

   a.  Policy No. 20 CES SS6455, with a policy period of July 1, 1994 to July 1, 1995 ("1994-1995 Policy"). A copy of the 1994-1995 Policy is attached hereto as "Exhibit 2."

   b.  Policy No. 20 CES SS7072, with a policy period of July 1, 1995 to July 1, 1996 ("1995-1996 Policy"). A copy of the 1995-1996 Policy is attached hereto as "Exhibit 3."

      c.      Policy No. 20 CES SS7072 (as a renewal of the 1995-1996 Policy), with a policy period of July 1, 1996 to July 1, 1997 ("1996-1997 Policy"). A copy of the 1996-1997 Policy is attached hereto as "Exhibit 4."

      d.      Policy No. 20 CES SS7072 (as a renewal of the 1996-1997 Policy), with a policy period of July 1, 1997to July 1, 1998 ("1997-1998 Policy"). A copy of the 1997-1998 Policy is attached hereto as "Exhibit 5."

These policies are referred to collectively in this Complaint as "the Policies."

    13.    Twin City also issued an excess liability insurance policy to HOC Inc., bearing policy number 20 HU SL4525 for the policy period of July 1, 1996, to July 1, 1998.

    14.    The 1994-1995 Policy and 1995-1996 Policy were issued to Named Insured "Cheatham Chemical Company D/B/A House of Cheatham, Inc." The 1996-1997 Policy and 1997-1998 Policy list the Named Insured as "House of Cheatham, Inc. DBA Cheatham Chemical Company." [Ex. 4, p. TCFIC_00118; Ex. 5, p. TCFIC_00148]

    15.    HOC LLC is not listed as an insured under the Policies. At the time the Policies were issued and were in force, HOC LLC did not exist.

    16.    Subject to their terms and conditions, the Policies provide that Twin City "will pay on behalf of the insured all sums that the insured shall become legal obligated to pay as damages because of 'bodily injury' . . . to which this policy

49768765

applies" and that Twin City has a "right and duty to defend any 'claim' or 'suit' seeking those damages."[1] [Ex. 2, p. TCFIC_00064; Ex. 3, p. TCFIC_00093; Ex. 4, p. TCFIC_00123; Ex. 5, p. TCFIC_00156]

17. Section IV, paragraph 13 of the Policies provides that "Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual Named Insured." [Ex. 2, p. TCFIC_00075; Ex. 3, p. TCFIC_00104; Ex. 4, p. TCFICI_00134; Ex. 5, p. TCFIC_00167]

## THE DISPUTE BETWEEN THE PARTIES

18. About one year after the APA's execution, on November 8, 2022, an individual named Diane Grant filed a lawsuit against HOC Inc., HOC LLC, and other hair care product manufactures alleging that chemicals in their hair relaxer products caused her to develop cancer.

19. Since the filing of the Diane Grant lawsuit, thousands of similar lawsuits have been filed against HOC Inc., HOC LLC, and other hair care product manufactures in federal and state courts throughout the country. Those lawsuits seek damages for bodily injuries allegedly caused by exposure to hair relaxer products (the "Hair Relaxer Litigation").

---

[1] The relevant terms of the Policies noted throughout this Complaint were issued on identical forms and contain the same provisions. Citations to the Policies refer to only one of them, Ex. 2, unless otherwise noted.

20. On December 12, 2022, HOC Inc. provided notice of the Grant lawsuit to Twin City. On December 22, 2022, Twin City acknowledged receipt of the claim and reserved its rights with regard to HOC Inc. The December 22, 2022 letter is attached hereto as "Exhibit 6."[2]

21. Twin City agreed to defend HOC Inc. with regard to Hair Relaxer Litigation under a reservation of rights. On December 20, 2023, Twin City issued another letter to HOC Inc. setting forth Twin City's contribution to the defense of HOC Inc. in the Hair Relaxer Litigation and reserving its rights under the Policies, expressly noting that no coverage would be provided for any person or entity that was not an insured, a Named Insured, or Additional Insured under the Policies. The December 20, 2023 correspondence is attached hereto as "Exhibit 7."

22. Along with other insurers of HOC Inc., Twin City continues to defend HOC Inc. in the Hair Relaxer Litigation under a reservation of rights.

23. Following the filing of the Diane Grant lawsuit and the initiation of the Hair Relaxer Litigation, HOC LLC demanded that Twin City also provide HOC LLC with a defense in the Hair Relaxer Litigation, under the Policies issued to HOC, Inc.

---

[2] The letter is misdated March 23, 2021, but as reflected in the transmittal e-mailed included with Exhibit 6, it was sent on December 22, 2022.

24.	On July 31, 2024, Twin City issued a letter to HOC LLC notifying it that Twin City would not be providing coverage to HOC LLC under the Policies issued to HOC, Inc., as HOC LLC was not an insured under those Policies. The letter further noted that the purported transfer of rights from HOC Inc. to HOC LLC in the APA did not create coverage for HOC LLC because Twin City had not consented to any transfer of rights and duties under the Policies. A copy of the July 31, 2024, correspondence is attached hereto as "Exhibit 8."

25.	On June 26, 2024, Selective Way Insurance Company, another insurer from whom HOC LLC had demanded a defense in the Hair Relaxer Litigation, filed a lawsuit against HOC LLC in the Northern District of Georgia, seeking a declaratory judgment that it had no obligation to provide HOC LLC with coverage. That action was captioned *Selective Way Insurance Company, et al. v. House of Cheatham LLC*, Case No. 1:24-cv-02830-SDG (the "Original Coverage Lawsuit"), [DE 1].

26.	On December 3, 2024, HOC LLC filed its First Amended Counterclaim in the Original Coverage Lawsuit, naming as a defendant Hartford Fire Insurance Company, the parent company of Twin City, as a defendant, along with several other insurers of HOC Inc. *See* Original Coverage Lawsuit, [DE 32].

27.	In its counterclaim, HOC LLC sought a declaratory judgment that it was entitled to a defense in the Hair Relaxer Litigation under the Policies issued by

Twin City to HOC, Inc., and asserted claims against Hartford for breach of those policies and bad faith. *See* Original Coverage Lawsuit, [DE 32].

28. Hartford denied the claims and allegations of HOC LLC. *See* Original Coverage Lawsuit, [DE 74].

29. The insurer parties to the Original Coverage Lawsuit have agreed to dismiss that action because there is not complete diversity of citizenship between the plaintiff in that case, Selective, and the defendant, HOC LLC, both of whom are citizens of New Jersey. As of the date of filing this Complaint, a proposed motion to dismiss that action is still being reviewed by HOC LLC.

30. Irrespective of the pending dismissal of the Original Coverage Lawsuit, HOC LLC continues to demand coverage and a defense in the Hair Relaxer Litigation under the Policies issued by Twin City to HOC, Inc.

31. Twin City continues to maintain that HOC LLC is not entitled to coverage under those Policies.

32. There is an actual and justiciable controversy between Twin City and HOC LLC.

### COUNT I
### REQUEST FOR DECLARATORY JUDGMENT OF
### NO COVERAGE UNDER THE TWIN CITY POLICIES

33. Twin City seeks a declaration that, under the terms of the Policies, there is no coverage available to HOC LLC for the Hair Relaxer Litigation claims

and that Twin City has no duty to defend or indemnify HOC LLC with respect to the Hair Relaxer Litigation.

34. A declaration that the Policies do not provide coverage to HOC LLC for the Hair Relaxer Litigation will provide the parties with certainty with respect to their rights and obligations under the Policies and will serve the interests of justice.

WHEREFORE, Twin City prays for the following relief:

a) That this Court declare that the Twin City Policies issued to HOC, Inc., do not provide coverage for HOC LLC for the Hair Relaxer Litigation;

b) For the costs of this action; and

c) For such other and further relief as this Court deems just and proper.

Respectfully submitted this 11th day of June, 2025.

*/s/ Christy M. Maple*
Christy M. Maple
GA Bar No. 240807
Attorney for Plaintiff Twin City Fire Insurance Company
PHELPS DUNBAR LLP
Glen Lake Four
4141 ParkLake Avenue, Suite 530
Raleigh, North Carolina 27612
Telephone: 919-789-5300

49768765

        Facsimile:   919-789-5301
        Email: christy.maple@phelps.com